UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOEL PENA,<br><br>Defendant. | No. 18-CR-640 (RA)<br><br>MEMORANDUM<br>OPINION & ORDER |

RONNIE ABRAMS, United States District Judge:

Defendant Joel Pena, through counsel, has filed a motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A), seeking compassionate release in light of the global pandemic and his recent COVID-19 infection. *See* Dkt. 331 ("Motion"). The Government opposes the motion. *See* Dkt. 344 ("Gov. Mem."). For the following reasons, the motion is denied.

## BACKGROUND

Pena pled guilty in June 2020 to aggravated identity theft in violation of 18 U.S.C. §§ 1028A(a)(1), 1028A(b), and 2, stemming from his role in a fraudulent scheme to obtain and sell cellphone devices. *See* Dkt. 318 (judgment); Gov. Mem. at 1–2. In October 2020, the Court sentenced Pena to the mandatory term of 24 months imprisonment. Pena has been detained since his arrest in September 2019, and according to the Bureau of Prisons he is scheduled to complete his term of incarceration on May 31, 2021. Pena is currently incarcerated at the United States Penitentiary, Lewisberg in Pennsylvania.

Having exhausted his administrative remedies[1], Pena seeks a sentence reduction light of his recent COVID-19 infection and the general dangers of incarceration during the pandemic. *See* Motion at 1–2. The motion describes the difficult conditions of Pena's incarceration during the course of the pandemic, and in particular the poor and unsanitary conditions he experienced during the quarantine imposed after his positive coronavirus test in December 2020. Pena also argues that he has served a significant portion of his sentence – about two thirds – and that he was no more culpable than his co-defendants who received shorter sentences (but who were not subject to the two-year statutorily required sentence). *See* Motion at 10.

The Government opposes the motion, arguing that Pena has not set forth any extraordinary or compelling reasons warranting release, particularly in light of the fact that Pena has already contracted COVID-19 (and apparently recovered from it). *See* Gov. Mem. at 4. The Government cites Pena's medical records, which show that Pena tested positive for the coronavirus on December 1, 2020, was retested and tested negative on December 18, 2020, and did not report any COVID-19 symptoms during that period. *Id*. at 3–4. The Government also argues that the Section 3553(a) factors do not support release, noting the elaborate nature of the fraudulent scheme and the need to "deter similar fraudulent activity and flight from justice." *Id* at 5.

---

[1] On December 1, 2020, the defendant made a request to the Warden of the Metropolitan Correctional Center ("MCC") for compassionate release. Although the Government is not aware of any decision taken in response to that request, *see* Gov. Mem. at 3 n.1, it is plain that 30 days has lapsed since the filing of the administrative request, such that Pena has satisfied the exhaustion requirement. *See United States v. Sanders*, No. 17-CR-456 (RA), 2020 WL 6273906, at *1 (S.D.N.Y. Oct. 26, 2020) (citing 18 U.S.C. § 3582(c)(1)(A)) ("A court may grant compassionate release upon motion of the defendant, but only after the defendant has asked the Bureau of Prisons to make such a motion on his behalf and given the BOP thirty days to respond.").

## LEGAL STANDARD

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may "reduce the term of imprisonment" where (1) "extraordinary and compelling reasons warrant such a reduction," (2) the reduction is "consistent with applicable policy statements issued by the Sentencing Commission," and (3) the reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). The Second Circuit recently held that nothing in "the now-outdated version of Guideline § 1B1.13[] limits the district court's discretion" to grant or deny a motion for a sentence reduction. *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020). Rather, the First Step Act "freed district courts to consider the full slate of extraordinary and compelling reasons that an imprisoned person might bring before them in motions for compassionate release." *Id*. at 237. "The only statutory limit on what a court may consider to be extraordinary and compelling is that '[r]ehabilitation . . . *alone* shall not be considered an extraordinary and compelling reason.'" *Id*. at 238 (quoting 28 U.S.C. § 994(t) (emphasis in *Brooker*)).

## DISCUSSION

Upon review of the parties' submissions and in consideration of the relevant statutory factors, the Court denies Pena's motion.

First, Pena has not established that extraordinary and compelling reasons warrant a termination of his sentence. He has not shown, for example, that he has any serious medical conditions that place him at greater risk of complications from the novel coronavirus. Pena is correct that some courts have found that "the threat of COVID-19 to those in prison," on its own, "constitutes an extraordinary and compelling reason for compassionate release," *United States v. Pacheco*, No. 12-CR-408 (JMF), 2020 WL 4350257, at *1 (S.D.N.Y. July 29, 2020). In the

Court's view, however, the analysis is necessarily different when an imprisoned person has, like Pena, already contracted and recovered from a COVID-19 infection. When a defendant who has already contracted the coronavirus moves for compassionate release, courts have tended to focus more on the defendant's "present need for medical treatment and the adequacy of the treatment that he is receiving," as opposed to the usual emphasis on "the potential risk to him or her – particularly due to one or more underlying health conditions – if he or she were to [contract the virus]." *United States v. Zubkov*, 460 F. Supp. 3d 450, 454 (S.D.N.Y. 2020). That is because, as the Government notes, "there is significant scientific support for the idea that a person who is infected with COVID-19 is likely to develop some degree of immunity against reinfection." Gov. Mem. at 4. Although the medical community's understanding of the virus continues to evolve, a number of courts have found that "a defendant's successful recovery from COVID-19 weighs against granting that defendant compassionate release." *United States v. Delorbe-Luna*, No. 18-CR-384 (VEC), 2020 WL 7231060, at *2 (S.D.N.Y. Dec. 7, 2020); *see also United States v. Rodriguez*, No. 19-CR-64 (VLB), 2020 WL 4581741, at *2 (D. Conn. Aug. 10, 2020) ("A number of district courts in the Second Circuit have found an inmate's positive test undermines his case for compassionate release on the basis of his susceptibility to COVID-19 because the main point of releasing an individual is to decrease the person's chance of contracting COVID-19.").

      The Court does not discount the possibility of reinfection or the long-term health consequences that can arise even in someone who appears to have successfully recovered from the virus. *See* Moises Velasquez-Manoff, *What If You Never Get Better from COVID-19?,* The New York Times (Jan. 21, 2021), https://www.nytimes.com/2021/01/21/magazine/covid-aftereffects.html; *see also United States v. Barajas*, No. 18-CR-736-04 (NSR), 2020 WL

3976991, at *10 (S.D.N.Y. July 13, 2020) (noting that "some research, to date, at least indicates that the absence of severe symptoms [following a COVID-19 diagnosis] does not necessarily diminish the risk of long-term health complications"). But Pena has not presented any evidence that he is experiencing any such complications at present, that he is at a heightened risk of such complications in the future, or that he is failing to receive adequate treatment for any medical conditions. As the government notes, Pena is by all accounts a healthy 34-year old who experienced an asymptomatic case of COVID-19. *See* Gov. Mem. at 4. Under these circumstances, the mere possibility of future long-term complications arising from his earlier COVID diagnosis is too speculative to constitute an extraordinary and compelling circumstance justifying release. *See United States v. Adams*, No. 10-CR-82 (RJS), 2020 WL 4505621, at *3 (S.D.N.Y. Aug. 4, 2020) ("And while Adams contends that he might still suffer undetected adverse effects from COVID-19 in the future, the Court finds that this possibility is simply too speculative to warrant release.").

      The Court must also consider the Section 3553(a) factors. Pursuant to Section 3553(a), the Court must impose a sentence that is sufficient, but not greater than necessary, to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public from further crimes of the defendant, and (4) provide the defendant with training, medical care, and other treatment in the most effective manner. 18 U.S.C. § 3553(a)(2). The Court also must consider other factors, including the nature and circumstances of the offense and the history and characteristics of the defendant. *See id.* § 3553(a)(1); *see United States v. Daugerdas*, No. 09-CR-581 (WHP), 2020 WL 2097653, at *4 (S.D.N.Y. May 1, 2020).

The Court agrees with Pena that consideration of the Section 3553(a) factors should account for the reality that incarceration under the circumstances of the pandemic "exacts a price on a prisoner beyond that imposed by an ordinary day in prison." *United States v. Mcrae*, No. 17 CR. 643 (PAE), 2021 WL 142277, at *5 (S.D.N.Y. Jan. 15, 2021). A reduction of the sentence the Court imposed just four months ago, however, would not be appropriate here. Pena played a significant role in an elaborate fraudulent scheme. *See United States v. Guillen*, No. 18-CR-640 (RA), 2021 WL 77029, at *3 (S.D.N.Y. Jan. 7, 2021) (describing the activities of the fraud ring in which Pena participated). Pena also spent over a year as a fugitive, Gov. Mem. at 2, and as the Court noted at sentencing, the instant offense was Pena's fifth criminal offense. Although Pena's 24-month sentence was somewhat longer than that of some of his codefendants, *see* Motion at 10, that discrepancy was the result of Pena's pleading guilty to a charge with a mandatory two-year term of imprisonment. *See* 18 U.S.C. § 1028A(a)(1). Having considered the Section 3553(a) factors, the Court does not find that they support an early release.

## CONCLUSION

For the foregoing reasons, Pena's motion is denied. The Clerk of Court is respectfully directed to terminate the motion pending at Dkt. 331, and to mail a copy of this order to the defendant.

SO ORDERED.
  Dated:        February 4, 2021
                    New York, New York

_____
Ronnie Abrams
United States District Judge